**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

Nos. 95-40582 & 95-40584
_____


In The Matter Of:   DUVAL   COUNTY
RANCH C

                              Debtors

_____


HELEN RUTH MANGES,

                         Appellant,

versus

MORRIS ATLAS; THE MANGES LIQUIDATING
TRUST,

                         Appellees.


_____

Appeal from the United States District Court
For the Southern District of Texas
(C-94-CV-325 & C-94-CV-326)

_____

April 12, 1996
Before WISDOM, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Helen Ruth Manges ("Manges"), wife of Clinton Manges, filed

suit against her lawyer Morris Atlas in Texas state court, alleging

that Atlas had defrauded her out of "properties and royalties"

located in Duval County, Texas.  Manges sought the recovery of

     [*]     Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

these interests. These properties and royalties, however, were the subject of an ongoing bankruptcy proceeding. Atlas had the Manges suit removed to the bankruptcy court, where a similar adversary proceeding, brought by the Manges Liquidating Trust ("Liquidating Trust"),[2] was pending against Atlas. Manges filed a motion to abstain and remand her suit to state court. Atlas filed a motion to consolidate the two adversary proceedings, and the Liquidating Trust, arguing that it had all rights to the property Manges sought from Atlas, filed a motion to substitute itself as plaintiff in the Manges suit. The Atlas and Liquidating Trust motions went unopposed, and the bankruptcy court granted them. The bankruptcy court then denied Manges's motion to abstain and remand her case back to state court. Manges then filed motions to reconsider the granting of Atlas's motion to consolidate and the Liquidating Trust's motion to substitute. The bankruptcy court denied both these motions.

On appeal to the district court, the district court affirmed the bankruptcy court's order denying Manges's motion to abstain and remand her case to state court. The district court determined that Manges's suit should not be remanded because she sought to recover assets which belonged to the Liquidating Trust. The Liquidating Trust then moved to have Manges's remaining appeals dismissed as moot. The Liquidating Trust argued that, because the district court had determined that the relief sought by Manges involved

---

[2] The Manges Liquidating Trust was created by the plan of reorganization, and confirmed by the bankruptcy court, to administer the assets of the Manges bankruptcy.

assets owned by the Trust, the bankruptcy court acted properly in consolidating the two adversary proceedings, and substituting the Liquidating Trust as plaintiff in Manges's suit. Manges again filed no response, and the learned district court judge granted the unopposed motion to dismiss Manges's appeals as moot.[3] Manges then filed a motion to reconsider, which the district court denied. Manges appeals the district court's order granting the Liquidating Trust's unopposed motion to dismiss as moot Manges's appeal of the bankruptcy court's denial of her motion to reconsider its ruling consolidating the two adversary proceedings, and substituting the Liquidating Trust as plaintiff in Manges's suit.

We review the bankruptcy court's findings of fact, affirmed by the district court, for clear error. *HECI Exploration Co., Inc. v. Holloway*, 862 F.2d 513, 518 (5th Cir. 1988). We review the district court's conclusions of law *de novo*. *Id*. Where the disputed holding involves the district court's exercise of discretion, we will affirm unless the district court abused its discretion. *Id*. Having carefully reviewed the record in this case, we find the district court did not err in dismissing as moot Manges's appeals of the bankruptcy court's decision to consolidate the two adversary proceedings and substitute Liquidating Trust as plaintiff in Manges's suit. The record shows that Manges's original complaint sought recovery of assets properly belonging to

---

[3]    The district court's decision that the remaining Manges appeals were moot was further supported by the fact that, one day earlier, Liquidating Trust and Atlas had entered a settlement of their claims in the adversary proceedings. This settlement effectively ended the controversy over the assets at issue in Manges's suit. Manges filed no motion in opposition to this settlement.

the Liquidating Trust.  Although she later amended her complaint to include psychic damages, her complaint still reflects her desire to obtain assets to which she has no right.[4]  Manges's claims were thus properly removed to the bankruptcy court, and the district court did not err in affirming the bankruptcy court's decision not to abstain and remand Manges's case.  In light of the relevant case law, and Manges's continual failure to timely respond to motions filed in both the bankruptcy court and the district court, we hold that the district court did not abuse its discretion in refusing to reconsider its order properly granting Liquidating Trust's unopposed motion to dismiss Manges's appeals as moot.

Accordingly, we AFFIRM the district court's disposition. However, we REMAND the case to the district court to issue a show cause order and to conduct a hearing to determine why Manges and her attorneys should not be assessed, in the amount the district court determines, sanctions, costs, and attorneys' fees in this case.

---

[4]     We note that because Manges has no legal right to seek recovery of these assets, she has no right to have her claim to these assets tried before a jury.

-4-